UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Petitioner,

       v.

JAMES R. PAULSEN,

        Respondent.

CASE NO. C09-1173RSM

ORDER OF DISMISSAL

    Petitioner United States of America filed this petition to enforce a summons on behalf of its agency, the Internal Revenue Service ("IRS"). Dkt. # 1. In the course of investigating respondent's tax liability for the years 2004, 2005, 2006, and 2007, the IRS issued a summons directing respondent to appear on August 28, 2008, and personally served it on him six weeks before, on July 17, 2008. *Id*. ¶¶ 6, 7. When respondent failed to appear, the IRS issued a "last chance" letter directing respondent to appear on November 20, 2008. *Id*., ¶¶ 8, 10. Respondent again failed to appear. *Id*., ¶11.

    This action was filed on February 19, 2009. Petitioner made several requests for an extension of time to serve respondent, as he could not be found and personal service could not be effected. Dkt. ## 4, 6, 8, 10. On August 18, 2009, respondent appeared in this action to object to the repeated extensions of time for service. Dkt. # 13. He also filed a motion to dismiss, but did not note it on the Court's calendar. Dkt. # 12. The motion is also captioned as a motion "for court order approving settlement of notice of lien and all 'alleged' monies owed." *Id*. Attached to the motion is an unsigned document designated as a real estate purchase and sale agreement, purporting to transfer interest in a property in Soap Lake, Washington, from the Infinite Freedom Foundation of King County to an individual, Dale Singer. Dkt. # 12, Exhibit A.

ORDER - 1

1        Two days later, on August 20, 2009, respondent filed a motion for a preliminary injunction, asking the Court to enjoin a trustee's sale of the Soap Lake property, scheduled to take place on the following day, August 21, 2009. Dkt. # 14. Again, the motion was not noted for consideration on the Court's calendar. The only document offered in support of the preliminary injunction motion is an incomplete copy of a different real estate purchase and sale agreement for the Soap Lake property. This document is dated the same day as the one attached to the motion to dismiss, but purports to transfer interest in the property to a different individual, Quintin William Griffin, with payment of earnest money in the amount of "one penny". Dkt. # 14, Exhibit "S", p. 4. For these reasons, and the fact that the motion for a preliminary injunction was untimely with respect to the trustee's sale, the Court took no action to enjoin the sale. Respondent also filed on August 20 a second objection to the extensions of time allowed for service of the petition. Dkt. # 15.

       Petitioner has now filed a motion to dismiss the petition, asking to withdraw the petition for enforcement of the summons. Dkt. # 21. Although respondent has objected by filing a "motion to allow the conditional acceptance of petitioner's motion for withdrawal of petition" and counterclaim, the Court finds therein no basis for denying petitioner's request to withdraw and dismiss the petition.

       Accordingly it is hereby ORDERED:

       (1) Respondent's motion to dismiss (Dkt. # 12) is DENIED;

       (2) Respondent's motion for a preliminary injunction (Dkt. # 14) is DENIED as moot;

       (3) Petitioner's motion to withdraw and dismiss the petition(Dkt. # 21) is GRANTED, and this action is hereby DISMISSED; and

       (4) Respondent's "motion to allow conditional acceptance" (Dkt. # 22) is DENIED as moot.

Dated this 20 day of October, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2